**TOBY et al. v. PORTLOCK HARBOR COPPER MINING CO.**

(First Division. Juneau. January 21, 1918.)

No. 1602–A.

1. Mines and Minerals ⬡⇒49—Adverse Possession.

Plaintiffs discovered gold, marked the boundaries, recorded their notices of location, and were in peaceful possession of mining claims prior to defendants. *Held*, they had complied with the law and were entitled to possession of the claims.

2. Adverse Possession ⬡⇒112—Real Property.

The settled principles of law require courts to consider the true owner as constructively in possession of lands to which he holds the title, unless they are in the actual hostile occupation of another under a claim of title.

J. H. Cobb, of Juneau, for plaintiffs.
John Rustgard, of Juneau, for defendant.

JENNINGS, District Judge. This is a suit to clear title. Plaintiffs proved a discovery of gold upon, and sufficient marking and due recording of, the claims, and the doing of the requisite annual assessment work upon same.

The evidence of defendant as to its right is totally insufficient as a muniment of title. Not only had it failed to keep up its assessment work, but also there was no evidence of any discovery having been made by or for them. There was no evidence of possession by defendant.

When plaintiffs discovered gold, and staked out the ground, the said ground was open, unappropriated public mineral ground of the United States, and subject to location by plaintiffs. Plaintiffs then have the best title.

⬡⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

As to possession by plaintiff, it is settled law that:

"The constructive possession of land is always in the holder of the best title, unless he has renounced it; and this constructive possession can never be ousted by anything less than an actual possession." Pacific Coal, etc., Co. v. Pioneer Min. Co., 205 Fed. 590, 123 C. C. A. 606.

"The settled principles of law require courts to consider the true owner as constructively in possession of the land to which he holds the title, unless they are in the actual hostile occupation of another under a claim of title."

"Hence, in the present case, the plaintiff having the better and superior right and title, the defendants' alleged adverse possession cannot avail them, unless it has been actual and continuous as constructively the plaintiff is in possession by reason of its superior title and right."

But, irrespective of the above, I think plaintiffs did have "actual possession," as that term is understood when used in reference to mining claims. They discovered gold, duly staked, duly recorded, and duly kept up assessment work. This is an exercise of dominion under a claim of right.

"Actuality of possession is a question compounded of law and fact, and its solution must necessarily depend upon the situation of the parties, the nature of the claimant's title, the character of the land. * * * The only rule of general applicability is that the acts relied upon to establish possession must always be as distinct as the character of the land reasonably admits of and must be exercised with sufficient continuity" to show that a claim of ownership is made. 1 Cyc. p. 983, B.

These are mining claims. What else could plaintiffs do, except to live on the claims, fence them, or develop a mine? But none of these things is necessary.

Findings and decree for plaintiffs.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes